NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BERNICE TAPIA SANCHEZ, aka Berenice Tapia Sanchez, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-70341 <br><br> Agency No. A206-272-588 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 10, 2023[**]
Pasadena, California

Before: KLEINFELD and COLLINS, Circuit Judges.[***]

Berenice Tapia Sanchez, a citizen of Mexico, petitions for review of a

decision by the Board of Immigration Appeals ("BIA") affirming the decision of

an Immigration Judge ("IJ") ordering that she be removed to Mexico if she did not

voluntarily depart within a specified period. We have jurisdiction under § 242 of

the Immigration and Nationality Act. *See* 8 U.S.C. § 1252. We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concluded that this case is suitable for decision without oral argument. *See* FED. R. APP. P. 34(a)(2)(C).

[***] This matter is decided unanimously by a quorum of the panel. *See* 28 U.S.C. § 46(d); Ninth Cir. Gen. Order 3.2(h).

1. The BIA properly upheld the IJ's denial of Sanchez's motion for a continuance of her removal proceedings and the IJ's conclusion that Sanchez had thereby abandoned any application for cancellation of removal.

An alien must establish good cause for any requested continuance of removal proceedings. *See* 8 C.F.R. § 1003.29. "The decision to grant or deny a continuance is in the sound discretion of the [IJ] and will not be overturned except on a showing of clear abuse." *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (citation omitted). "When reviewing an IJ's denial of a continuance, we consider a number of factors, including: (1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). Sanchez has failed to establish a clear abuse of discretion in the denial of her requested continuance.

At a hearing in July 2017, Sanchez appeared with counsel before the IJ, and a Spanish-language interpreter contemporaneously translated the proceedings for her. The IJ orally set a deadline of February 23, 2018 to file any applications for relief, with a merits hearing on April 23, 2018. The deadlines were also set down in a written "Record of Master Calendar Pre-Trial Appearance and Order," which was signed by Sanchez and her counsel. This written notice reiterated the

2

February 23, 2018 deadline for submitting any applications for relief and specifically warned that "Failure to timely file the aforementioned documents will result in the conclusion that such applications are abandoned."

On November 6, 2017, Sanchez's counsel filed a written motion to withdraw, explaining that there had been a "total lack of communication and cooperation from [Sanchez] and her family" and that Sanchez had "not fulfilled her obligation with respect to the fee agreement." He attached copies of two letters that he had written to Sanchez in Spanish (one with an accompanying English translation), and the letters were addressed to Sanchez's correct home address that she later used on subsequent filings in this matter. The first was an October 17 letter, in which counsel explained that he had been trying to reach Sanchez without success; that her application for cancellation of removal was due on February 23, 2018; and that it was urgent that she communicate with him in order to prepare the necessary documents. The second was a November 1 letter stating that, because Sanchez had not responded to his repeated requests to reach her, counsel would be filing an application to withdraw. The letter stated that, "By law I am required to remind you that by February 23, 2018 you must file all relief applications and documents in support thereof." Counsel's motion to withdraw was granted on November 21, 2017. The IJ's order stated that Sanchez "is encouraged to find substitute counsel," but that "The application(s) for relief must be filed by

3

February 23, 2018, with or without new counsel." Sanchez has not contended that she did not receive this order.

Sanchez did not file anything with the immigration court until April 13, 2018, when her new counsel filed his appearance in the case, together with a motion for a continuance and a request for records from the court. As "good cause" for the requested continuance, the motion stated only that Sanchez's prior counsel had withdrawn in November 2017; that new counsel "was retained only on March 28, 2018"; and that new counsel needed more time to review the case, gather evidence and documents, and prepare an "application for immigration relief." No additional details were provided, and there was no supporting declaration from either the new counsel or from Sanchez.

On this record, the IJ did not abuse his discretion in concluding that Sanchez's motion "does not establish good cause." No explanation—much less a justification—was presented for Sanchez's failure to cooperate with her first counsel, her failure to file any applications by the deadline, and her failure to secure new counsel sooner. Given the barebones nature of Sanchez's motion, the record supports the conclusion that her behavior in failing to meet the deadline—especially after repeated warnings—was simply unreasonable. Sanchez does not argue, beyond making largely conclusory assertions, that the IJ failed to take into account other considerations that might have weighed in favor of a continuance.

And given Sanchez's unjustified failure to comply with the court's deadlines, the IJ properly treated any application for cancellation of removal as having been abandoned. *See* 8 C.F.R. § 1003.31(c) (2021).

The BIA properly concluded that the additional arguments made by Sanchez on appeal did not warrant a different result. The BIA appropriately held that Sanchez's conclusory complaints about her counsel in her brief on appeal failed to establish ineffective assistance and that Sanchez had failed to comply with the procedural requirements of *Matter of Lozada*, 19 I & N Dec. 637 (BIA 1988). *See Al Ramahi v. Holder*, 725 F.3d 1133, 1138–39 (9th Cir. 2013). And given the clear written warning in the Record of Master Calendar Pre-Trial Appearance and Order of the consequences of failing to file a timely application, and the repeated warnings Sanchez had received concerning the need to comply with the deadline, the BIA correctly rejected Sanchez's claim that the proceedings violated her due process rights. The proceedings were not fundamentally unfair and did not deny Sanchez the opportunity to reasonably present her case. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).

2. Sanchez's argument that the agency lacked jurisdiction over her removal proceedings because her Notice to Appear lacked location, time, and date information is foreclosed by this court's decision in *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1191–92 (9th Cir. 2022) (en banc).

5

Petition **DENIED**.